**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Calvin WILLIAMS, Defendant-Appellant.**

No. 78–5479.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1979.

Rehearing and Rehearing En Banc Denied Sept. 21, 1979.

Herbert E. Cooper, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before MORGAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Following oral argument we remanded 591 F.2d 1342, 5 Cir. to the district court for a determination of whether United States Border Patrol Checkpoint No. 1171 constitutes the functional equivalent of the border and, if it does not, whether exigent circumstances existed to justify the warrantless search of appellant's vehicle. The district court made detailed and extensive findings of fact regarding the nature of Checkpoint No. 1171. Utilizing the factors for determining functional equivalence adopted by this court in *United States v. Reyna,* 572 F.2d 515 (5th Cir. 1978) and *United States v. Alvarez-Gonzalez,* 542 F.2d 226 (5th Cir. 1976), the district court concluded that this checkpoint is the functional equivalent of the border and, therefore, that the Border Patrol Agents did not require probable cause to search appellant's vehicle. The court also found that exigent circumstances were not present when the Agents engaged in the search.

After a careful review of the supplemental record submitted by the district court, we conclude that the conditions necessary to establish functional equivalency with respect to Checkpoint No. 1171 are satisfied in this case. Because searches at the border may be made without probable cause or a warrant, the absence of exigent circumstances in this case does not entitle appellant to the suppression of evidence obtained through the search. The judgment of the district court is therefore

AFFIRMED.